IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Criminal Action No.3:07CR16

DAVID ANTHONY STEWART,

    Defendant.

## REPORT AND RECOMMENDATION

On May 14, 2007, came the United States of America by Thomas Mucklow, Assistant United States Attorney, and the Defendant, David Anthony Stewart, in person and by his counsel, Betsy Giggenbach, appearing for Kevin Mills for a hearing on pretrial motions.

### I. Background

Defendant David Anthony Stewart is the sole defendant in a four (4) count indictment. He is charged with Possession with Intent to Distribute Cocaine Base; Possession with intent to Distribute Controlled Substance; Possession of a Firearm in Furtherance of Drug Trafficking; and Felon in Possession against the United States, in violation of Title 21 U.S.C. Sects. 841(a)(1) and 841(b)(1)(c) and 812(c) Schedule II(a)(4) and Title 18 U.S.C. Sects. 2, 922(g), 922(g)(1) and 924(a)(2). and various other drug related charges.

### II. Defendant's Motion to Dismiss or Suppress [16]

**A. Contentions of the Parties**

Defendant contends that there was an illegal arrest and an illegal warrant less search in this case. Therefore, Defendant is requesting that either the charges against him be dismissed or that all the evidence seized as a result of the illegal arrest and illegal warrant less search be suppressed.

The Government presented evidence through the officers involved in the arrest and search. The evidence presented was as follows. On October 19, 2005, at about 10:30 pm, Charles Town Police Officer Quinnam was on routine patrol by himself in the Washington-Seminary Streets area of Charles Town when he observed an automobile traveling at a high rate of speed. The officer checked his radar and saw that the vehicle was going 39 mph in a posted 25 mph zone. Ptlm. Quinnam turned on his emergency lights and stopped the car. Defendant, the driver and sole occupant of the vehicle, produced a Maryland operator's license and told the officer that he was on his way to see his girlfriend at Apple Tree Gardens in Ranson, West Virginia, an apartment complex known by the Charles Town Police Department to be a notorious drug area.

Ptlm. Quinnam requested the police dispatcher do a license check on Defendant's car and was subsequently advised that defendant's license was restricted to driving only to and from his employment and for education purposes. Ptlm. Quinnam asked defendant to get out of the vehicle, which he did and to go to the rear of the vehicle and put his hands on the vehicle. The officer then asked the defendant to place his hands behind his back and started to pull out handcuffs. At that point, defendant pushed off the vehicle and began to run. Ptlm. Quinnam chased after defendant also on foot, ordering him to stop several times. The Defendant did not follow those instructions and kept running. During the chase, defendant dropped a loaded revolver on the street. At some point, defendant attempted to jump a fence, causing Ptlm. Quinnam to use his Taser to subdue defendant. Once on the ground the defendant was handcuffed. The officer conducted a pat down search of defendant and a small amount of marijuana was found on his person, along with $732.00 in cash and two cell phones. Defendant

made a statement to the officers that he had run because he had the gun.

Following arrest, an officer conducted a search of the vehicle defendant was driving. In the center armrest, officers found a one dollar bill rolled into a ball and a digital scale. Wrapped up inside the dollar bill, they found a quantity of crack cocaine. They also found a jar with marijuana in the same area. On the rear seat, the officers found a laptop computer case. It contained two large pieces of crack cocaine and 112 ecstasy tablets. Another small bag of crack was found in the trunk, along with several cases of about two hundred plastic jars.

The Court finds that the stop was made based upon the officer's reasonable suspicion and furthermore, that the officer had probable cause to believe that defendant had committed a misdemeanor, i.e. exceeding the speed limit in violation of the traffic laws of West Virginia. *See* West Virginia Code §17C-6-1. Thus, the Court finds that the initial stop of the defendant was lawful. *See Terry v. Ohio, supra,* at 20-22; *United States v. Wilson,* 205 F.3rd 720, 722-23 (4th Cir. 2000); *see also United States v. Hassan El*, 5 F3rd 726, 731 (4th Cir. 1993) (noting a traffic violation, no matter how minor, gives an officer probable cause to stop driver).

Following the stop, the officer learned that defendant was operating a motor vehicle on a restricted Maryland operator's permit. Since the Defendant said that he was going to his girlfriend's home and not the address on his driver's license, which was a Maryland address, the officer reasonably concluded that defendant's operation of the vehicle, at any speed, was also a misdemeanor, that is, he was operating the vehicle without a valid operator's license. *See* West Virginia Code §§ 17C-2-10(e); 17B-2-1 (driving with no operators). The Defendant presented no evidence to the contrary.

The Government further presented evidence that consistent with the practice in Charles

Town with regard to such an offense, the officer intended to take the defendant to the Charles Town city judicial officer. Therefore, the officer's request that the defendant get out of his car was reasonable and lawful for the reasons stated above. In addition, given the restricted license, the officer could not lawfully permit defendant to drive the automobile any further.

After stepping out of the car, the Defendant attempted to flee and dropped a handgun while fleeing. Attempting to flee is another violation of State law, i.e. obstruction of an officer. *See* West Virginia Code § 61-5-17. A hand gun is a well known tool of the drug trade. *See United States v. Brockington,* 849 F.2d 872, 876 (4th Cir. 1988). In addition, carrying a concealed weapon is a misdemeanor in West Virginia. *See* West Virginia Code § 61-7-3. Once Defendant was placed in custody, Ptlm. Quinnam conducted a pat down search of the Defendant. Searches upon arrest are a well established exception to the warrant requirement of the Fourth Amendment. *See Michigan v. DeFillipo*, 443 U.S. 31, 35 (1979); *United States v. Nelson,* 102 F.3rd 1344, 1346 (4th Cir. 1996).

Following defendant's arrest, an officer conducted a search of the vehicle defendant was operating. The Court finds that the search was lawful for the following reasons. There is an exception to the Fourth Amendment prohibition against warrant less searches when the location searched is an automobile. Such a search is lawful when the officers have probable cause to believe that the vehicle contains contraband or evidence of a crime. *See Maryland v. Dyson,* 527 U.S. 465, 466 (1999); United States v. Collins, 412 F.3rd 515, 518 (4th Cir. 2005). It is clear from the evidence presented that there was probable cause for the search in this case. The Defendant, from Maryland, was driving late at night in Charles Town, West Virginia on his way to a well known drug area in Ranson, West Virginia. When stopped for speeding and asked to

get out of his car, defendant took flight.  Furthermore, while Defendant was running from the police, he dropped a handgun.  Following his capture, a search of his person revealed a quantity of a controlled substance and over $700.00 in cash.  The Court further finds that under any circumstances, because defendant could not lawfully operate the automobile after the traffic stop, the vehicle was going to be impounded.  Because the vehicle was going to be in the custody of the Charles Town Police Department for some period of time, the eventual discovery of the drug evidence would have been inevitable.  *See Nix v. Williams*, 467 U.S. 431, 444 (1981); *United States v. George*, 971 F.2d 1113 (4th Cir. 1992).

**B.  Decision**

It is hereby **RECOMMENDED** that Defendant David Anthony Stewart Motion to Dismiss or Suppress Evidence be **DENIED.**  The Defendant's objection to the ruling is duly noted.

**IT IS FURTHER ORDERED THAT:**

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 5-16-07

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE